# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHESTER ALLEN CLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-874-MJR |
| | ) | |
| LISA HOLLINGSWORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, a federal inmate currently confined at the United States Penitentiary located in Marion, Illinois (USP-Marion) seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the conditions of confinement at USP-Marion violate his rights under the Eighth Amendment.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**DISCUSSION**

Petitioner brings this action under the umbrella of federal habeas corpus law, 28 U.S.C. § 2241. Typically the writ of habeas corpus is used to completely free an inmate from unlawful

custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id.* at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner seeks an order preventing prison officials from adding more bunks to USP-Marion - an action Petitioner contends constitutes unlawful overcrowding in violation of his Eighth Amendment rights. Such a challenge does not request a "quantum change in the level of custody."

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, Petitioner expressly states that he has not exhausted any of his administrative remedies. *See* 42 U.S.C. § 1997e(a).

**DISPOSITION**

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus

action is **DISMISSED** without prejudice.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 4ht day of March, 2009.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**